```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STRIKE THREE HOLDINGS, LLC,

                        Plaintiff,                    REPORT & RECOMMENDATION
                                                         18 CV 2124 (MKB)(LB)
        -against-

JOHN DOE subscriber assigned IP address
69.204.229.124,

                        Defendant.
-----------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Plaintiff commenced this Copyright Infringement case on April 10, 2018. ECF No. 1. The Federal Rules of Civil Procedure provide that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). By Order dated July 3, 2018, the Court extended plaintiff's time to serve the John Doe defendant to October 10, 2018. By order dated October 11, 2018, the Court, again, extended plaintiff's time to serve the John Doe defendant to November 9, 2018.

Plaintiff purportedly served process on defendant on November 6, 2018. ECF No. 17. However, the return of service, ECF No. 18, states that service was effectuated on an unidentified co-worker at "Kim&apos;s Auto Repair, 3232 Linden Place, Flushing, NY 11354." The process server states that the unidentified co-worker was a 50 year old male, yellow skinned, between 5'4 and 5'8 inches tall, and between 161 and 200 pounds who was wearing a hat. The process server states that service was made at the "subject's actual place of business/employment."

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, "an individual . . . may be served . . . by . . . following state law for serving a summons in an action brought in courts of general

1

jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e). Section 308 of New York Civil Practice Law and Rules, which governs personal service upon a natural person, provides that:

> [p]ersonal service upon a natural person shall be made . . . by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at . . . her last known residence or by mailing the summons by first class mail to the person to be served at . . . her actual place of business . . . .

N.Y. C.P.L.R. § 308.

A person's actual place of business is where the person is physically present with regularity, and it must be shown that the person regularly transacts business at that location. See Selmani v. City of N.Y., 954 N.Y.S.2d 580, 582 (App. Div. 2012). Plaintiff makes no such showing that this is the John Doe defendant's actual place of business. Moreover, plaintiff provides an illegible business name as well as a dubious description of the unidentified co-worker who was allegedly served. The description does not identify the co-worker with specificity; the description could apply to many individuals. Given these defects, it is uncertain at best that the summons and complaint was brought to the actual attention of the John Doe defendant.

Thus, despite being granted two extensions of time, plaintiff has failed to properly serve defendant with process. It is respectfully recommended that plaintiff's action should be dismissed without prejudice pursuant to Rule 4(m).

## CONCLUSION

Accordingly, this action should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 25, 2019
       Brooklyn, New York