UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                      :

STRIKE 3 HOLDINGS, LLC,                           :
                                                                      :   Case No. 1:18-cv-02124-MKB-LB
                                Plaintiff,           :

vs.                                                            :

JOHN DOE subscriber assigned IP address     :
69.204.229.124,                                        :

                                                  Defendant.    :
------------------------------------------------------------------X

## **PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION [DKT. 21]**

### I.      INTRODUCTION

On January 25, 2019, the Honorable Judge Lois Bloom entered a Report and Recommendation ("Report and Recommendation") which recommended that the instant action be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). To explain, on November 7, 2018, a process server from Intercounty Judicial Services effectuated service on Defendant by serving the Summons and Amended Complaint on an unidentified individual employed at Kim's Auto Center located at 3232 Linden Pl, Flushing, NY 11354. However, the Report and Recommendation states that, "Plaintiff makes no such showing that this is the John Doe defendant's actual place of business" and that Plaintiff provided "an illegible business name as well as a dubious description of the unidentified co-worker who was allegedly served." Dkt. 21, at 2. In light of the foregoing, the Court recommends dismissal pursuant to Fed. R. Civ. P. 4(m) because "it is uncertain at best that the summons and complaint was brought to the actual attention of the John Doe defendant." *Id*.

Plaintiff hereby objects to the Report and Recommendation on the basis that service of process was properly effectuated. As further explained below, Plaintiff used a number of resources to determine that the Defendant is employed as a General Manager at Kim's Auto Center and Defendant's unidentified co-worker confirmed same. Further, the unidentified co-worker who was served is over the age of 18. Accordingly, Plaintiff respectfully requests that this Court overrule the Report and Recommendation on the basis that service was properly effectuated, or in the alternative, return the matter to Judge Lois Bloom with instructions permitting Plaintiff to attempt to re-serve the Defendant.

## II. LEGAL STANDARD

The Federal Magistrate Act states that "a judge may also designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B). "Recommendations made by a magistrate pursuant to section 636(b)(1)(B) need not be automatically accepted by the district court," *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989), and "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." *See* Fed. R. Civ. P. 72(b)(2). If a party objects to the proposed findings and recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72 (b)(3).

## III. FACTUAL BACKGROUND

On April 10, 2018, Plaintiff filed the instant copyright infringement case against John Doe, subscriber assigned IP address 69.204.229.124. Dkt. 1. At that time, Defendant was only

known to Plaintiff by Defendant's IP address.  As such, Plaintiff filed a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion for Leave") which would permit Plaintiff to learn Defendant's identity by serving a third party subpoena on Defendant's Internet Service Provider, Spectrum ("ISP").  Dkt. 8.  The Court granted this Motion for Leave. Dkt. 9.

On May 1, 2018, Plaintiff served its subpoena on Spectrum and on August 4, 2018, Spectrum produced Defendant's true identity to Plaintiff.  Specifically, the ISP determined that the subscriber assigned IP address 69.204.229.124 was an individual named Sang Lee.  The ISP also disclosed that Mr. Sang Lee's Internet service address was 17403 67th Avenue Flushing, NY 11365.

On October 15, 2018 at 12:40 pm and October 20, 2018 at 8:15 am, a process server from Intercounty Judicial Services attempted to serve Defendant at 17403 67th Avenue Flushing, NY 1136.  However, the process server was unable to serve Defendant.  On November 7, 2018, the process server effectuated service on Defendant by serving the Summons and Amended Complaint on an unidentified individual employed at Kim's Auto Center located at 3232 Linden Pl, Flushing, NY 11354.  Although the individual refused to provide his name, he confirmed that he was 50 years of age.

As noted above, on January 25, 2019, the Honorable Judge Lois Bloom entered a Report and Recommendation, stating that, "Plaintiff makes no such showing that [Kim's Auto Center] is the John Doe defendant's actual place of business" and that Plaintiff provided "an illegible business name as well as a dubious description of the unidentified co-worker who was allegedly served." Dkt. 21, p. 2.  In light of the foregoing, the Court recommended dismissal pursuant to

Fed. R. Civ. P. 4(m) because "it is uncertain at best that the summons and complaint was brought to the actual attention of the John Doe defendant." *Id*.

IV.    ARGUMENTS

    A. **Plaintiff Properly Effectuated Service on Defendant**

Section 308 of New York Civil Practice Law and Rules provides that personal service upon a natural person shall be made: (1) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business of the person to be served; and (2) by either mailing the summons to the person to be served at her last known residence or by mailing the summons by first class mail to the person to be served at her actual place of business. Further, a person's actual place of business is where the person is physically present with regularity.

    1.  Defendant Is Employed at Kim's Auto Center

Generally, after Plaintiff first receives a subscriber's identity, Plaintiff's practice is to investigate further by reviewing all available information which would help Plaintiff determine if the subscriber is the infringer. This includes a review of Plaintiff's "Additional Evidence"[1] together with public records and websites. Taken holistically, Plaintiff uses all available information to corroborate the infringers identity to the best of its knowledge.[2]

In this case, Plaintiff used the Delvepoint[3] database to conduct a search on Defendant Sang Lee ("Delvepoint Report"). The Delvepoint Report established that Sang Lee: (1) is a 40

---

[1] Plaintiff's investigator recorded multiple downloads emanating from Defendant's IP address. Collectively, this evidence is referred to as the "Additional Evidence."
[2] Further, this investigation also helps Plaintiff determine if a subscriber is: (1) experiencing financial hardship making any resolution of the case impracticable, assuming liability is established; (2) elderly; or (3) in the military. In each of those circumstances, Plaintiff usually elects to dismiss the case, barring extraordinary circumstances.
[3] Delvepoint "pulls together the best right-party-contact information on an individual, along with relatives and business information. With [its] data collection tools, three comprehensive reports including person, address, and business, make up a 360-degree background profile." https://www.delvepoint.com/products-searches.html (Last Accessed on January 24, 2019)

year old male; (2) was born in August of 1978; and (3) resided at 17403 67th Avenue Flushing, NY 11365.[4] Plaintiff was also able to locate a public Facebook profile for a male individual named "Sang Lee" who resides in Flushing, New York ("Facebook Profile" or "Profile").[5] Plaintiff knows that the Facebook Profile belongs to Defendant Sang Lee because: (1) the name on the Profile is listed a "Sang Lee" which matches the subscriber's name listed on the ISP subpoena response; (2) the Profile lists Sang Lee's current city as Flushing, New York which matches the subscriber's city and state listed on the ISP subpoena response; and (3) the Profile lists August 13, 1978 as Sang Lee's date of birth which matches the month and year within the Delvepoint Report.

In continuing its investigation, Plaintiff discovered that its Additional Evidence contains titles which match publicly declared interests on Sang Lee's Facebook Profile. For example, the Profile lists a "like" for the band Depeche Mode. Plaintiff's Additional Evidence lists BitTorrent downloading activity for two separate Depeche Mode albums. The Facebook Profile also establishes the user's interests in fishing, tennis, and cooking. Plaintiff's Additional Evidence lists the following downloads which match those Facebook interests: *Many Ways For Cooking Eggs*, *The Nomad Cookbook*, *Deadliest Catch*, *Chelsea Market Makers = Recipes Tips and Techniques from the Artisans of New York*, *MasterChef*, and *Wimbledon 2014*.

Upon further examining this Facebook Profile, which Plaintiff now knew belonged to Defendant, Plaintiff discovered that the user listed his employer as Kim's Auto Center located in Flushing, New York. A fact that was further confirmed since Defendant's IP address was associated with downloading a file titled *Automobile Magazines*. Accordingly, Plaintiff at that

---

[4] The Delvepoint report lists the address as: 17403 67th Avenue, Fresh Meadows, NY 11365, but a google search establishes that the city name for this address is actually "Flushing, NY."
[5] https://www.facebook.com/sang.lee.0813/timeline?lst=2005473%3A827939169%3A1548448270 (Last Accessed on February 6, 2019)

time, had evidence and a good-faith basis to believe that Defendant was employed as a General Manager at Kim's Auto Center in Flushing, New York. Since the Court's entry of the Report and Recommendation, Plaintiff contacted its process server who confirmed that the unidentified co-worker served also confirmed that Sang Lee works at Kim's Auto Repair and that he would give the papers to Sang Lee. And, coincidently, since service was effectuated, all infringement of Plaintiff's works from Defendant's IP address has ceased. As such, Plaintiff has no doubt that Defendant has been served and has been notified of this case.

    2. <u>The Characters Within the Name of the Business on the Affidavit of Service Are the Result of a Technical Glitch and Does Not Render Service Defective</u>

Plaintiff's Affidavit of Service notes that an unidentified employee at "Kim&apos;s Auto Repair" was served at "3232 Linden Place, Flushing, NY 11354[.]" The characters "&apos;" appear to merely be a technical glitch in the process server's system used to create the affidavit. The glitch automatically inserts these characters to replace an apostrophe.[6] Editing the Affidavit of Service is not within Plaintiff's control. However, at Plaintiff's request, the process server provided a corrected Affidavit.[7] Attached hereto as Exhibit A is a copy of the corrected affidavit.

    3. <u>N.Y. C.P.L.R. § 308 Only Requires that the Individual Served at A Defendant's Place of Business Be of Suitable Age and Discretion</u>

In this case, although the individual who accepted service at Defendant's place of business would not provide his name, the Affidavit of Service confirms that a 50-year-old male identified himself as an employee at Kim's Auto Center, and more specifically, as Mr. Sang

---

[6] https://www.telegraph.co.uk/technology/advice/10516839/Why-do-some-apostrophes-get-replaced-with-andapos.html

[7] The Affidavit of Service also corrected a clerical error in the name of the business. The prior affidavit listed the place of business as ""Kim&apos;s Auto Repair." The corrected affidavit lists the place of business as "Kim's Auto Center."

Lee's co-worker. That the individual was unwilling to provide his identity is of no consequence and N.Y. C.P.L.R. § 308 does not require this information.

### B. Plaintiff Will Attempt Personal Service Again in Order to Address the Court's Concerns

Although Plaintiff believes that service was properly effectuated, and that in conducting a *de novo* review, this Court may consider the additional evidence listed above [*See* Fed. R. Civ. P. 72 (b)(3)], Plaintiff sincerely apologizes for not providing the foregoing details sooner. Furthermore, to address any remaining concerns the Court may have, Plaintiff is willing to re-attempt service. More specifically, it will attempt to *personally* serve Defendant and if it is still unable to do so, it will secure the identity of the third-party served at the Defendant's place of business.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court overrule Judge Lois Bloom's Report and Recommendation (Dkt. 21) on the basis that service was properly effectuated, or in the alternative, return the matter to Judge Lois Bloom with instructions permitting Plaintiff to attempt to re-serve the Defendant.

Dated: February 8, 2019                    Respectfully submitted,

**FOX ROTHSCHILD, LLP**
By:  /s/ *Shireen Nasir*
Shireen Nasir, Esq.
snasir@foxrothschild.com
101 Park Avenue
17th Floor
New York NY 10178
Tel.: (212) 878-7900
Fax: (212) 692-0940
www.foxrothschild.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of February, 2019, a true and correct copy of the foregoing Objection to Report and Recommendations was served via United States Mail, First Class, postage prepaid, upon the following:

Sang Lee
17403 67th Ave
Flushing, NY 11365

/s *Shireen Nasir*
Shireen Nasir, Esq.